[Civ. No. 18015.   Second Dist., Div. One.   July 10, 1951.]

ELLSWORTH WOOD, as Executor, etc., Appellant, v. EVERETT S. SHIPP et al., Respondents.

Waters, Arditto & Waters and James J. Arditto for Appellant.

J. Edward Haley, MacFarlane, Schaefer & Haun, Henry Schaefer, Jr., and E. J. Caldecott for Respondents.

DORAN, J.—The complaint herein alleges that Elaine Shipp who died testate on July 27, 1948, was married to the respondent Everett S. Shipp at Las Vegas, Nevada on April 11, 1940; that no children were born of said marriage; that the parties had accumulated certain community property consisting of stocks, bank accounts, etc., the nature and extent of which the court is asked to determine. The decedent's will specifies certain alleged community property, and after specific bequests leaves the residue to Ellsworth Wood, decedent's brother, also named as executor. Answers filed by Everett S. Shipp the husband, and by various corporations, deny that decedent possessed any community interest in corporate stocks, etc., described therein, and aver that such items are the separate property of Mr. Shipp. The trial court found in favor of the respondents except in reference to certain household effects.

The record discloses that Everett S. Shipp, aged 47 years at the time of the marriage, had resided in Los Angeles since 1916, and for many years prior to said marriage had possessed valuable stock interests in several corporations, namely, Metropolitan Finance Corporation, Metropolitan Finance Corporation of California, and Chesley Finance Corporations. These interests were estimated as being worth a sum in excess of $250,000. Other corporations such as Investors Realty Corporation and Summit Realty Corporation were organized by Shipp after the marriage to decedent; there was evidence, controverted by appellant, to the effect that shares in these corporations were purchased with Shipp's separate funds. In some instances, as shown in a report prepared by accountant Wright, respondent's stock holdings had increased since the marriage.

On March 1, 1948 Everett S. Shipp commenced a divorce action against Elaine Shipp; the wife filed a cross-complaint for separate maintenance asking for an accounting and division of community funds. While this divorce action was pending, Elaine Shipp died. The present action for declaratory relief, accounting as to community property, etc., was filed by Elaine Shipp's executor, and names as defendants the various corporations hereinbefore mentioned, the husband Everett S. Shipp, and two sons by a previous marriage to whom the husband, on March 8, 1948, had transferred 1,200 shares of stock in Summit Realty Corporation.

Specifically, the present action seeks an accounting of alleged community funds which it is said the respondent hus-

band improperly expended: "(1) $10,689.95 expended on the Fuller Street house . . .; (2) Community funds expended for State and Federal taxes on allegedly separate income of Everett S. Shipp . . .; (3) $2,710.14 paid . . . out of community funds as interest and principal payments on allegedly separate property obligations . . .; (4) $8,819.56 in gifts by Everett S. Shipp to members of his family through prior marriages . . .; (5) $30,258.99 expended under the Pagel Property Settlement Agreement (with a former wife of Everett S. Shipp)."

At the trial, appellant's motion to amend the complaint to conform to proof in reference to stock in three corporations alleged to be community property, and to cover an accounting of community funds alleged to have been expended for noncommunity purposes, was denied. Following the trial the matter was submitted to the trial judge on exhaustive written briefs. As hereinbefore indicated, all issues were decided against the appellant except in reference to certain furniture and household effects acquired after the marriage.

■ Appellant's first contention, that the trial court erred in denying the motion to amend the complaint to conform to the proof, presents no cause for reversal. As mentioned in respondents' brief, and conceded by the appellant, the trial court is possessed of broad discretionary power in reference to the allowance or disallowane of amendments to pleadings during the course of a trial. No abuse of that discretionary power has been pointed out in the instant case.

■ The same may be said in respect to appellant's argument that the trial judge committed prejudicial error in excluding hypothetical testimony of appellant's alleged expert witness as to "reasonable value" of the husband's services as a corporate officer. After *voir dire* examination the trial court concluded that the witness was not qualified. Since this matter, like that of amendment, was one involving the trial court's discretion, and no abuse of discretion appears, appellant's contention is untenable.

■ Alleged error in the exclusion of testimony as to amount of salary received by the husband during the eight years preceding the marriage, must be decided against the appellant's contention. As respondents have pointed out, the complaint contains no allegations of fraud or any scheme by which Mr. Shipp deliberately planned to reduce the community property, and the trial court was not called upon to determine whether the salaries received prior to the marriage

compared favorably or unfavorably with those received thereafter. Again it may be said that no prejudicial error has been pointed out.

■ Complaint is made of the trial court's refusal to admit in evidence a piece of paper upon which Mr. Shipp had written certain figures, offered as bearing upon the matter of "reasonable salary" of the husband, and *in re* a "disregard of Corporate Entity." Appellant's counsel at the trial referred to this paper as having "a lot of doodlings on it that I think the Court will find interesting." The manner in which appellant had procured the paper appears to be a controversial subject, respondents' theory being that it was "procured from the wastebasket which would seem to indicate that it had been discarded by Mr. Shipp as worthless. There is no evidence that the document was ever issued, put in circulation or used for any purpose other than the making of an analysis of some kind by Mr. Shipp." Regardless of its source, however, the exclusion of such a paper containing so-called "doodlings," cannot, in view of its indefinite nature and the entire state of the record, be deemed prejudicial or reversible error in the instant case.

■ The appellant's argument on this appeal is largely concerned with the proposition that the trial court's findings to the effect that furniture and household effects acquired during the marriage constitute the only community property in which the wife's estate would have any interest, are not supported by the evidence. It is appellant's contention that the trial court should have found that a large part of the stock holdings, etc., were community property. The theory advanced, as hereinbefore indicated, is that Mr. Shipp had deliberately diverted community funds into separate property channels for the purpose of defeating the wife's interest therein.

Appellant insists that "a husband cannot, through the simple device of incorporating and manipulating his transactions through alleged corporate forms prevent his spouse from receiving her just and proper community property interest." It is further averred that "whatever was earned during the marriage in question herein, by the five alleged Corporate Respondents, is attributable primarily to the efforts, management, skill and ability of Everett S. Shipp," and that such earnings are therefore community property. Respondents' brief points out, however, that "His method of operation was established long before his marriage and did not change

thereafter," and that there is substantial evidence supporting the trial court's findings that the property in question was separate and not community property.

It is at once apparent that appellant seeks to have the reviewing court draw from the evidence other and different conclusions than those found by the trial judge. The usual rule that an appellate court will not attempt to weigh the evidence where the record discloses substantial evidence in support of the trial court's findings is conceded by the appellant. That rule must govern, and in the present case can only result in a decision adverse to appellant's contentions. In the one hundred odd pages of appellant's opening brief are set out various items of evidence from which are drawn conclusions favorable to appellant's position. This partisan survey of the evidence relates not only to corporate stocks acquired and owned by the husband and certain increase in Mr. Shipp's equities during the marriage. It also relates to a residence at 641 Toyopa Drive, Pacific Palisades, held in the name of the Metropolitan Finance Corporation of California, and to proceeds of the sale of what is known as the "Fuller Street Home," both of which items are claimed as community property. Other items are similarly claimed.

The record discloses that all these matters were gone into exhaustively at the trial. There was, for example, a detailed report by Charles H. Wright, a certified public accountant, dealing with the books and records of the corporate respondents and of Everett S. Shipp. The accountant was called as a witness by the appellant and the accountant's report was used extensively by both parties, each seeking to draw therefrom conclusions favorable to its contentions. Much other evidence, documentary and testimonial, was offered; the matter was finally submitted to the trial judge upon briefs. From the record as a whole, rather than from isolated items as culled by the appellant, the trial court found in favor of the respondents except as to household items. It can hardly be doubted that the trial court gave due consideration to the various points now raised by appellant.

Considering the accountant's report in connection with all of the other evidence, whether contradicted or uncontradicted, it cannot be said that the trial court's findings are unsupported. Such being the situation, as has been so often reiterated in the California cases, "the reviewing court is without power to substitute its deductions for those of the trial court." In the language of *Church* v. *Headrick & Brown*, 101 Cal.App.2d

396, 402 [225 P.2d 558], "Every favorable inference which may fairly be deduced from the evidence should be resolved in favor of the prevailing party. Evidence favoring the prevailing party must be accepted as true by the appellate tribunal and contradictory evidence must be disregarded." No prejudicial error has been made to appear, and appellant's various contentions are untenable.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.